Case 3:11-cv-05406-BHS   Document 1   Filed 05/27/11   Page 1 of 10

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| FRANK OATHOUT, | IN ADMIRALTY |
| Plaintiff, | Case No. 3:11-cv-5406 |
| v. | COMPLAINT FOR DAMAGES |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

COMES NOW plaintiff FRANK OATHOUT ( hereinafter "plaintiff"), and with this Complaint alleges against the above-named defendant as follows:

**GENERAL ALLEGATIONS**

1.    This is a case of admiralty and maritime jurisdiction, within the provisions of 28 U.S.C. § 1333 as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h), Federal Rules of Civil Procedure.  Suit is brought against the United States of America (hereinafter "defendant" or "United States of America") under authority of the

COMPLAINT FOR DAMAGES - 1

**Law Office of James F. Whitehead**
2003 Western Ave., Suite 330
Seattle, WA 98121
(206) 448-0100
Fax (206) 448-2252

Suits in Admiralty Act (46 U.S.C. §§ 30901 - 30918) and the Public Vessels Act (46 U.S.C. §§ 31101 - 31113).

2. Plaintiff is and was at all times herein mentioned engaged in service as a seaman on navigable waters aboard the R/V ROGER REVELLE. Plaintiff is a citizen of the United States and a resident of the State of Washington.

3. Defendant United States of America was and still is a sovereign, which by law has consented to be sued.

4. Defendant, at all times herein mentioned, owned the oceangoing research vessel R/V ROGER REVELLE, its appurtenances, tackle, gear, and equipment (hereinafter sometimes referred to as "the Vessel").

5. Pursuant to Bareboat Charter Party N00014-03-L-0143 between defendant United States of America and the Regents of The University of California, defendant through the Office of Naval Research chartered the R/V ROGER REVELLE to the Scripps Institution of Oceanography, at the University of California at San Diego ("UCSD").

6. The vessel's homeport and regular berth is and was the Port of San Diego, California.

7. Service of the Summons and Complaint may be made upon the United States of America by serving the United States Attorney for the Western District of Washington at 700 Stewart Street, Suite 5220, Seattle, WA 98101-1271, by Certified Mail-Return Receipt Requested, and forwarding a copy of same to the Attorney General of the United States at 950 Pennsylvania Avenue, NW, Washington, DC 20530.

8. This is an action by a seaman without prepayment of costs, pursuant to 28 U.S.C.

COMPLAINT FOR DAMAGES - 2

**Law Office of James F. Whitehead**
2003 Western Ave., Suite 330
Seattle, WA 98121
(206) 448-0100
Fax (206) 448-2252

§ 1916.

9. Venue is appropriate in this Court as, upon information and belief, the R/V ROGER REVELLE is not presently found within the territorial waters of the United States of America and plaintiff is a resident of the State of Washington, within the Western District. 46 U.S.C. § 31104.

## FACTS

10. The incident which is the subject of this lawsuit occurred upon navigable waters while plaintiff was engaged in service as a seaman and officer aboard the R/V ROGER REVELLE.

11. Plaintiff was employed as a seaman aboard the Vessel by Scripps Institution of Oceanography, University of California San Diego, and/or the Regents of the University of California. While in the course and scope of plaintiff's employment and duties as a seaman, he was injured on or about May 30, 2009.

12. Plaintiff was injured when he was ordered to enter a ballast tank to investigate the malfunction of and clear a sounding tube in the ballast tank.

13. A ballast tank is a small, confined compartment at the bottom of a ship, which is filled with liquid for stability to make the ship seaworthy.

14. Sounding tubes are slender metal tubes used to calculate the depth of liquid in a tank. The depth is calculated by lowering a metal sounding tape with a sinker to the bottom of the tank. The sounding tape is coated with a chemical substance that indicates the depth of the liquid in the tank.

COMPLAINT FOR DAMAGES - 3

**Law Office of James F. Whitehead**
2003 Western Ave., Suite 330
Seattle, WA 98121
(206) 448-0100
Fax (206) 448-2252

15. The sounding tubes malfunctioned as a result of defendant's failure to properly maintain and/or repair same.

16. Plaintiff was ordered by his superiors to enter the ballast tank before defendant adequately inspected the space to ensure that it was safe for human entrance.

17. Defendant further failed to furnish plaintiff with proper safety equipment prior to his entry into the ballast tank.

18. Defendant further failed to furnish the ballast tank with adequate lighting, prior to plaintiff's entrance.

19. During the course of performing his duties and orders, plaintiff slipped on the surface of the bottom of the ballast tank and fell backwards into the frame of the vessel. As a result of the foregoing, plaintiff sustained serious injuries.

20. Following plaintiff's accident, although the ship's master and officers were aware of his injuries, defendant did not provide plaintiff with necessary medical treatment.

21. Although defendant had the resources to provide proper treatment both onboard and ashore, defendant did not provide necessary medical care to plaintiff for nearly one month (5/30/2009-6/23/2009), until the vessel called on the port of Darwin, Australia.

22. Upon the Vessel's arrival in Darwin, Australia, defendant arranged for plaintiff to be examined by a doctor. The doctor conducted a minimal diagnostic evaluation, and failed to diagnose and/or misdiagnosed plaintiff's injuries.

23. As a result of plaintiff's injuries, he was physically unable to continue his duties in the engine room. As such, on or about June 27, 2009, he disembarked the vessel.

COMPLAINT FOR DAMAGES - 4

**Law Office of James F. Whitehead**
2003 Western Ave., Suite 330
Seattle, WA 98121
(206) 448-0100
Fax (206) 448-2252

24. Following his disembarkation from the vessel, plaintiff continued to seek, and defendant continually failed to provide him, maintenance and/or proper medical care.

25. As a result of defendant's malicious refusal to pay plaintiff's maintenance and cure, many of plaintiff's medical expenses have not been paid, resulting in the bills going into collection. As a further direct and proximate result of defendant's bad faith failure to pay plaintiff's maintenance and cure, plaintiff has sustained additional damages, including, *inter alia,* costs and fees incurred as a result of being forced to hire an attorney to protect his rights.

26. The pain and stress from plaintiff's injuries have caused mental illness including depression and posttraumatic stress disorder.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE JONES ACT (46 U. S. C. § 30104 *et seq.*)

27. Plaintiff repeats and re-alleges each and every allegation contained heretofore in this Complaint, as though fully set forth herein.

28. At all times material hereto, there was in effect an Act of Congress known as The Jones Act, 46 U. S. C. § 30104 *et seq.*, applicable to defendant and its agents and employees.

29. The Jones Act created a right in seamen to sue their employer for negligence.

30. At all times material hereto, defendant had the duty to exercise reasonable care to provide plaintiff and other seamen employees a reasonably safe place to work and to otherwise provide for their well-being, including provision of immediate medical assistance when it was required.

COMPLAINT FOR DAMAGES - 5

**Law Office of James F. Whitehead**
2003 Western Ave., Suite 330
Seattle, WA 98121
(206) 448-0100
Fax (206) 448-2252

31. Defendant breached the aforementioned duties by, *inter alia*:

    a. Failing to properly maintain and repair the sounding tubes aboard the vessel;

    b. Failing to adequately inspect the ballast tank to ensure that it was safe for human entry;

    c. Failing to provide plaintiff with proper safety equipment and/or assistance by other crew prior to and at the time of his entry into the ballast tank;

    d. Failing to conduct dangerous repairs in port rather than at sea;

    e. Failing to furnish the ballast tank with adequate lighting prior to plaintiff's entry;

    f. Ordering plaintiff to enter the dangerous ballast tank without adequate safety precautions; and

    g. Failing to provide plaintiff with proper medical care and attention after he was injured as a result of the aforementioned breaches.

32. As a direct and proximate result of defendant's negligence, including the negligence of defendant's agents and employees, plaintiff has suffered and continues to suffer from serious personal injuries, pain and suffering, mental illness, scarring, permanent loss or diminution of use of bodily functions, permanent physical impairment, lost wages, loss of ability to perform household services, loss of consortium, loss of earning capacity, found, past and future out-of-pocket medical expenses, and other expenses proximately resulting from his injuries.

/ / /

/ / /

COMPLAINT FOR DAMAGES - 6

**Law Office of James F. Whitehead**
2003 Western Ave., Suite 330
Seattle, WA 98121
(206) 448-0100
Fax (206) 448-2252

## SECOND CAUSE OF ACTION

### UNSEAWORTHINESS

33. Plaintiff repeats and re-alleges each and every allegation contained heretofore in this Complaint, as though fully set forth herein.

34. Pursuant to the general maritime law, defendant had an absolute and non-delegable duty to provide plaintiff with a safe and seaworthy vessel and appurtenances, including equipment that was reasonably fit for its intended purpose, and a crew that was both adequate in numbers and training to do its work safely.

35. Defendant breached this duty because the Vessel was unseaworthy in the following respects, *inter alia*:

    a. The sounding tubes aboard the vessel were not properly maintained or repaired;

    b. The ballast tank, at all material times, was slippery from accumulated sludge and unsafe for human entry;

    c. Proper safety equipment was not available, or provided, to plaintiff prior to his entry into the ballast tank;

    d. The lack of adequate manning for the job on which plaintiff was injured by virtue of defendant's failure to provide at least one additional crew member to assist plaintiff in entering the tank and performing his work safely; and

    e. The ballast tank lacked adequate lighting at the time of plaintiff's entry into the tank.

**Law Office of James F. Whitehead**
2003 Western Ave., Suite 330
Seattle, WA 98121
(206) 448-0100
Fax (206) 448-2252

36. As a direct and proximate result of the unseaworthiness of the R/V ROGER REVELLE, its crew and appurtenances, plaintiff has suffered and continues to suffer from serious personal injuries, pain and suffering, mental illness, scarring, permanent loss or diminution of use of bodily functions, permanent physical impairment, lost wages, loss of ability to perform household services, loss of consortium, loss of earning capacity, found, past and future out-of-pocket medical expenses, and other expenses proximately resulting from his injuries.

## THIRD CAUSE OF ACTION

## MAINTENANCE AND CURE

37. Plaintiff repeats and re-alleges each and every allegation contained heretofore in this Complaint, as though fully set forth herein.

38. Pursuant to the general maritime law of the United States, defendant has an absolute and non-delegable duty to provide plaintiff with maintenance and cure from the date of his injury until maximum cure is reached.

39. Plaintiff was injured while in the service of the ship.

40. Defendant is indebted to plaintiff for past and future maintenance benefits at a daily rate to be set by this Court until maximum cure is achieved, and for all costs of the care incurred.

41. Plaintiff is further entitled to unearned wages for the remainder of the voyage he was on at the time of his accident or to the end of his contract, and for transportation to the port of engagement.

COMPLAINT FOR DAMAGES - 8

**Law Office of James F. Whitehead**
2003 Western Ave., Suite 330
Seattle, WA 98121
(206) 448-0100
Fax (206) 448-2252

42. Although defendant acknowledged plaintiff's seaman status, it continued to deny his claim for maintenance and cure in bad faith, and continued to instruct plaintiff to file a California Worker's Compensation Claim.

43. Despite plaintiff's lawful demands, defendant acted maliciously by intentionally, knowingly, and wrongfully refusing to pay plaintiff maintenance, in blatant disregard of his rights, knowing that such failure would result in further injury and hardship to plaintiff.

44. As a result, plaintiff may recover punitive damages for his employer's willful and wanton failure to pay maintenance and cure, and the Jones Act does not preclude such damages.

**WHEREFORE**, plaintiff prays as follows:

1. For judgment against defendant for all injuries and damages plaintiff has suffered as a consequence of defendant's negligence or the Vessel's unseaworthiness;

2. For judgment against defendant for maintenance and cure;

3. For pre-judgment and post-judgment interest at the legal rate;

4. For exemplary damages in an amount sufficient to punish defendant and to deter such conduct in the future;

5. For costs of suit herein incurred, including reasonable attorneys' fees; and

6. For such other further relief as the court may deem just and proper.

/ / /

/ / /

/ / /

/ / /

COMPLAINT FOR DAMAGES - 9

**Law Office of James F. Whitehead**
2003 Western Ave., Suite 330
Seattle, WA 98121
(206) 448-0100
Fax (206) 448-2252

Dated at Seattle, Washington, this 27th day of May, 2011.

          LAW OFFICE OF JAMES F. WHITEHEAD


/s/ James F. Whitehead_____
James F. Whitehead, WSBA#6319
Attorney for Plaintiff Frank Oathout

COMPLAINT FOR DAMAGES - 10

**Law Office of James F. Whitehead**
2003 Western Ave., Suite 330
Seattle, WA 98121
(206) 448-0100
Fax (206) 448-2252